UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN DOE,

                Plaintiff,

      -against-

COLUMBIA UNIVERSITY; TRUSTEES OF
COLUMBIA UNIVERSITY,

                Defendants.

19-CV-11328 (JPO)

ORDER OF SERVICE

J. PAUL OETKEN, United States District Judge:

    Plaintiff, appearing *pro se*, brings this action under 42 U.S.C. § 1981, Title VI and Title IX of the Education Amendments of 1972, and state law. He asserts discrimination based on his status as a "black gay male." Plaintiff moves to proceed under a pseudonym and requests *pro bono* counsel. (ECF Nos. 3 & 4.) By order dated December 12, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP). For the reasons discussed below, the Court grants Plaintiff's motion to proceed under the pseudonym "John Doe," directs the Clerk of Court to seal the case, denies Plaintiff's application for the Court to request *pro bono* counsel without prejudice, and directs service on the defendants.

**DISCUSSION**

**A.    Proceeding Under a Pseudonym**

    Rule 10(a) of the Federal Rules of Civil Procedure provides that "[t]he title of [a] complaint must name all the parties." "This requirement . . . serves the vital purpose of facilitating public scrutiny of judicial proceedings and therefore cannot be set aside lightly." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 188-89 (2d Cir. 2008). Courts have, however, permitted parties to proceed anonymously in a limited number of exceptions. In deciding

whether to permit a party to proceed anonymously, the United States Court of Appeals for the Second Circuit has articulated a nonexhaustive list of ten factors that courts should consider:

> (1) whether the litigation involves matters that are highly sensitive and of a personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously or even more critically, to innocent non-parties; (3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of plaintiff's identity; (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age; (5) whether the suit is challenging the actions of the government or that of private parties; (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court; (7) whether the plaintiff's identity has thus far been kept confidential; (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity; (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*Id.* at 190 (alterations, ellipses, quotation marks, and citations omitted). "[T]his factor-driven balancing inquiry requires a district court to exercise its discretion in the course of weighing competing interests . . . ." *Id.* (citation omitted).

Plaintiff, who identifies himself as a "gay African-American male," asserts that while he was an undergraduate at Columbia University, he was accused of sexual assaults by two students. He also claims that he was subjected to a sexual assault and a physical assault. Given the sensitive and personal nature of the claims, Plaintiff has demonstrated that a substantial privacy right is at issue outweighing the customary presumption of openness in judicial proceedings. Accordingly, the Court grants Plaintiff's request to proceed under the pseudonym "John Doe."

**B.**     **Proceeding Under Seal**

The Court also directs the Clerk of Court to seal the complaint in this action and all other unredacted documents. A different analysis applies to the question of sealing court documents

than proceeding under a pseudonym. Both the common law and the First Amendment protect the public's right of access to court documents. *See Nixon v. Warner Comms., Inc.*, 435 U.S. 589, 597-99 (1978); *Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 91 (2d Cir. 2004). This right of access is not absolute, and "the decision as to access [to judicial records] is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." *Nixon*, 435 U.S. at 598-99.

The Second Circuit has set forth a three-part analysis to determine whether a document relating to a lawsuit should be made available to the public. *See Lugosch v. Pyramid Co.*, 435 F.3d 110, 119-20 (2d Cir. 2006). First, the Court must determine whether the document is indeed a "judicial document," to which the public has a presumptive right of access. *Id.* at 119. Judicial documents are those that are "relevant to the performance of the judicial function and useful in the judicial process." *Id.* (internal quotation marks and citation omitted). Second, if the Court determines that the materials to be sealed are judicial documents, then the Court must determine the weight of the presumption of access. *Id.* "[T]he weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir.1995). Finally, "the court must balance competing considerations against it." *Lugosch*, 435 F.3d at 120 (internal quotation marks and citation omitted). "Such countervailing factors include but are not limited to the danger of impairing law enforcement or judicial efficiency and the privacy interests of those resisting disclosure." *Id.* (internal quotation marks and citation omitted). "The burden of demonstrating that a document submitted to a court should be sealed rests on the party seeking such an action." *DiRussa v. Dean Witter Reynolds, Inc.*, 121 F.3d 818, 826 (2d Cir. 1997).

Because Plaintiff's submissions are judicial documents, the Court must evaluate whether any countervailing factors outweigh the relatively strong presumption of access. While Plaintiff does not request that the complaint and other unredacted documents be sealed, the Court finds that the potential harm that may result if his submissions are available for public view outweighs the presumption in favor of public access. Plaintiff provides in the complaint the full names of multiple students allegedly involved in acts of a personal and sensitive nature, including the two students who allegedly sexually and physically assaulted him. The Court therefore directs the Clerk of Court to seal the complaint and any unredacted documents filed in this action.[1]

**C.     Application *Pro Bono* Counsel**

Plaintiff also submits an application for the Court to request *pro bono* counsel. The factors to be considered in ruling on an indigent litigant's request for counsel include the merits of the case, his efforts to obtain a lawyer, and his ability to gather the facts and present the case if unassisted by counsel. *See Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989); *Hodge v. Police Officers,* 802 F.2d 58, 60-62 (2d Cir. 1986). Of these, the merits are "[t]he factor which command[s] the most attention." *Cooper*, 877 F.2d at 172.

Because it is too early in the proceedings for the Court to assess the merits of the action, the Court denies Plaintiff's request for counsel without prejudice to refiling another such application at a later date.

---

[1] The Clerk of Court, as a precaution pending the Court's ruling on Plaintiff's motion to proceed under a pseudonym, has sealed the complaint, has placed on the public docket only Plaintiff's redacted documents, and has limited electronic docket access to Plaintiff's unredacted documents to a "case-participant only" basis.

**D.     Service on Defendants**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and complaint until the Court reviewed the complaint and ordered that a summons be issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants Columbia University and Trustees of Columbia University through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these defendants.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Court directs the Clerk of Court to mail a copy of this order to Plaintiff, together with an information package.

The Court grants Plaintiff's motion to proceed under the pseudonym "John Doe." (ECF No. 3.) The Court further directs the Clerk of Court to place under seal the complaint and all unredacted documents with Plaintiff's actual name.

The Court denies Plaintiff's application for the Court to request *pro bono* counsel without prejudice to renewing the application at a later date. (ECF No. 4.)

The Clerk of Court is also instructed to issue summonses, complete the USM-285 forms with the addresses for Columbia University and Trustees of Columbia University, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:  December 16, 2019
        New York, New York

_____
J. PAUL OETKEN
United States District Judge

6

# DEFENDANTS AND SERVICE ADDRESSES

1. Columbia University
   Office of the General Counsel
   Columbia University
   412 Low Memorial Library
   535 West 116th Street
   New York, NY 10027

2. Trustees of Columbia University
   Office of the General Counsel
   Columbia University
   412 Low Memorial Library
   535 West 116th Street
   New York, NY 10027